FILED'10 SEP 10 13:08usdc-orp

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

                Plaintiff-Respondent,

     v.

JOSE LUIS HERNANDEZ-ALEJANDRE,

              Defendant-Petitioner.

CR 08-125-RE
CV 09-70024-RE

OPINION AND ORDER

---

REDDEN, Judge:

      Before the court is *pro se* petitioner Jose Luis Hernandez-Alejandre's Motion (doc. 35) to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons that follow, I find that there is no need for an evidentiary hearing and I DENY the motion.

PAGE 1 - OPINION AND ORDER

## I. Background

On March 12, 2008, a grand jury returned a one-count indictment charging petitioner with illegal re-entry by a previously arrested and deported alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The indictment specifically alleged that petitioner had previously been deported from the United States on November 2, 2001, subsequent to aggravated felony convictions in Multnomah County, Oregon for manslaughter in the second degree and assault in the second degree. On July 8, 2008, petitioner, represented by counsel, pled guilty to the indictment.

Prior to the sentencing hearing, the U.S. Probation Office prepared a Presentence Report ("PSR"). Under U.S.S.G. § 2L1.2(a), petitioner's illegal re-entry conviction resulted in a Base Offense Level of 8. The PSR noted that in 1989, petitioner was convicted of manslaughter, assault, and driving under the influence of intoxicants ("DUII") in connection with a car accident, in which he killed a six-year old boy and seriously injured another child. PSR ¶ 20. Because petitioner's manslaughter and assault convictions qualified as crimes of violence under the sentencing guidelines, the PSR recommended a 16-level enhancement under U.S.S.G. § 2L1.1(b)(1)(A). PSR ¶ 12. With a three-level departure for acceptance of responsibility under U.S.S.G. § 3E1.1, petitioner's Total Offense Level was 21. PSR ¶¶ 17-18.

The PSR also recommended a Criminal History Category IV. PSR ¶ 25. This calculation was based, in part, on petitioner's felony convictions for manslaughter, assault, and DUII in 1989. PSR ¶ 23. His Criminal History Category increased because of a separate conviction for illegal re-entry in 2000, convictions for possession of a controlled substance (methamphetamine) and DUII in 2004, and the fact that petitioner was still on parole when he illegally re-entered the United States in 2004. PSR ¶¶ 23-24. The PSR also noted that petitioner had been arrested on

PAGE 2 - OPINION AND ORDER

two other occasions—one in 1997, and another in 1999—for drunk driving.  PSR ¶ 26.  With a Total Offense Level 21 and a Criminal History Category IV, the PSR recommended an advisory sentencing guideline range of 57 to 71 months.  PSR ¶ 43.

Although petitioner's trial counsel did not object to the PSR's advisory guideline calculation, counsel made detailed arguments for a sentence below the advisory guideline range. Def.'s Sentencing Mem., at 3-4; Sentencing Tr., at 7-12.  Trial counsel emphasized petitioner's ties to the United States, his commendable efforts to support his family, as well as his reputation as a loyal, dependable, and hardworking employee.  Def.'s Sentencing Mem., at 3-4; Sentencing Tr., at 11-12.  Trial counsel also highlighted petitioner's struggle with addiction, and his renewed commitment to sobriety.  Def.'s Sentencing Mem. at 4; Sentencing Tr. at 7-9.  Trial counsel specifically argued that the advisory sentencing guideline range was excessive and not necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Def.'s Sentencing Mem., at 5-6; Sentencing Tr. at 12. Trial counsel urged the court exercise its discretion and impose a sentence below the advisory guidelines.

At the October 21, 2008 sentencing hearing, I adopted the PSR without change.  *See* Statement of Reasons, at 1 (doc. 47).  After considering the parties sentencing materials, hearing the arguments of counsel, and considering the sentencing factors set out in 18 U.S.C. § 3553(a), I sentenced petitioner to the low end of the advisory sentencing guideline range, 57 months in prison, to be followed by three years supervised release.  Sentencing Tr., at 14-15.  In imposing that sentence, I specifically noted petitioner's repeated illegal re-entry convictions, as well as his history of driving under the influence of intoxicants.  *Id.*

Petitioner timely filed a notice of appeal.  On December 1, 2008, I appointed counsel to

PAGE 3 - OPINION AND ORDER

represent petitioner. Based on appellate counsel's review of the PSR, the transcripts of the plea and sentencing hearings, and her conversations with trial counsel, she determined that there were no legal or factual issues for appeal. Gov. Ex. 3, Dec. of Laura Graser, at 1-2. Accordingly, appellate counsel advised petitioner to dismiss his appeal. Id. at 2. On April 14, 2009, the Ninth Circuit granted petitioner's motion for voluntary dismissal.

On December 3, 2009, petitioner filed the present Motion to Vacate. Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that trial counsel provided constitutionally ineffective assistance at sentencing by: (1) failing to argue that a 16-level enhancement for his 1989 aggravated felony convictions was substantively unreasonable; (2) failing to request a downward departure based on the disparity in sentencing created by the availability of the fast-track program in other sentencing jurisdictions; and (3) failing to request a downward departure based on petitioner's cultural assimilation. Petitioner also contends that appellate counsel was constitutionally ineffective for advising him to dismiss his appeal.

## II. Legal Standards

Title 28 U.S.C. § 2255(a), provides:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In considering a § 2255 petition, this court must grant an evidentiary hearing, "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court may deny a hearing if petitioner's

PAGE 4 - OPINION AND ORDER

allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Meija-Mesa,* 153 F.3d 925, 931 (9th Cir. 1998). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir. 1989). The court may consider any document in record, including the judge's "own notes and recollections of the plea hearing." *Watts v. United States,* 8421 F.2d 275, 277 (9th Cir. 1988).

### III. Discussion

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during all critical stages of sentencing, and during a criminal defendant's first appeal as of right. *Mempa v. Ray*, 389 U.S. 128, 134 (1967); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)). It is well-established that a prisoner may seek relief under 28 U.S.C. § 2255, based on a denial of effective assistance of trial or appellate counsel.

To prevail on his claim of ineffective assistance of counsel, a petitioner must show that "(1) grossly deficient performance by his counsel, and (2) resultant prejudice." *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a petitioner must not only demonstrate that counsel committed errors, but that counsel's performance "fell below an objective standard of reasonableness," and that counsel's acts or omissions were not the "result of a reasonable professional judgment." *Strickland*, 466 U.S. at 688, 690. To demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694. The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process" that the subsequent proceedings "cannot be relied on as having produced a just result." *Id.* at 686.

Judicial scrutiny of counsel's performance is "highly deferential," and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" *Strickland*, 466 U.S. at 689. The reasonableness of counsel's conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" *Strickland*, 466 U.S. at 690. The test is "not whether another lawyer, with the benefit of hindsight, would have acted differently," or "what defense counsel could have pursued.'" *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Rather, the "relevant inquiry" is "whether the choices made by defense counsel were reasonable." *Id.*

A. Ineffective Assistance of Trial Counsel Claim

Petitioner alleges that trial counsel provided constitutionally inadequate assistance by failing to argue: (1) failing to argue that a 16-level enhancement for his 1989 aggravated felony convictions was substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009); (2) failing to request a downward departure based on the disparity in sentencing created by the availability of the "Fast Track Program" in other sentencing jurisdictions; and (3) failing to request a downward departure based on petitioner's cultural assimilation.

*1. Substantive Unreasonableness*

Petitioner first alleges that trial counsel was constitutionally ineffective in failing to argue

PAGE 6 - OPINION AND ORDER

that his sentence was substantively unreasonable, even though it was at the low end of the advisory sentencing guideline range. Def.'s Pet., at 5. Relying primarily on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), petitioner contends that trial counsel erred in failing to object to a 16-level enhancement based on his 1989 aggravated felony convictions. This argument is without merit.

As an initial matter, *Amezcua-Vasquez* was decided on June 1, 2009, nearly eight months after petitioner's October 2008 sentencing. The failure to foresee future developments in the law is not ineffective assistance of counsel. *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002). Moreover, the record demonstrates that counsel did, in fact, argue that a guidelines sentence was not necessary to satisfy the purposes of sentencing, and that the court should exercise its discretion to impose a below-guidelines sentence based on Section 3553(a) factors. *See* Def.'s Sentencing Mem., at 3-4; Sentencing Tr., at 7-12. Contrary to petitioner's argument, trial counsel explicitly argued that within-guidelines sentence was unnecessary and excessive under 18 U.S.C. § 3553(a).

Even if trial counsel could predict the development the Ninth Circuit's substantive reasonableness jurisprudence, *Amezcua-Vasquez* would not have altered the outcome of petitioner's sentencing. In that case, the defendant was convicted of attempted manslaughter and assault with great bodily injury after stabbing someone during a gang-related bar fight, and served a four-year prison term. *Amezcua-Vasquez*, 567 F.3d at 1052. Twenty years later and nearly fifty years after becoming a permanent resident of the United States, Amezcua-Vasquez was deported because of his manslaughter and assault convictions. *Id.* Two weeks after being deported, he was apprehended unlawfully re-entering the United States. Under that "specific set

PAGE 7 - OPINION AND ORDER

of facts," the Ninth Circuit held that a within-Guidelines sentence of fifty-two months, which

was largely predetermined by a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for a

"decades-old" year-old conviction, was substantively unreasonable. *Amezcua-Vasquez*, 567 F.3d

at 1055, 1058. The Ninth Circuit emphasized, however, the limited scope of its holding, making

"no pronouncement as to the reasonableness of a comparable sentence were [the defendant's]

conviction more recent, the sentence resulting from the prior conviction more severe or 'the need

. . . to protect the public from further crimes of the defendant' otherwise greater." *Id.* at 1058

(quoting 18 U.S.C. § 3553(a)(2)©).

     Here, petitioner's enhancing convictions are far more serious than the predicate

convictions in *Amezcua-Vazquez*. Unlike Amezcua-Vasquez's convictions in connection with a

decades-old bar fight, petitioner killed a six-year old boy and seriously injured another while

driving under the influence of intoxicants. Moreover, petitioner has a long record of driving

under the influence of intoxicants. Since his 1989 manslaughter, assault, and drunk driving

convictions, petitioner has been arrested for driving under the influence of intoxicants on at least

three other occasions. During his most recent arrest for driving under the influence, petitioner

was found in possession of methamphetamine. That petitioner repeatedly violated DUII laws

even after killing a young boy while driving drunk suggests the need for a more severe sentence

to protect the public from further crimes of the defendant. 18 U.S.C. § 3552(a)(2)(c).

Furthermore, unlike *Amezcua-Vasquez*, petitioner has a history of unlawfully re-entering the

United States. PSR ¶ 21. Given the seriousness of petitioner's enhancing convictions and his

pattern of disregard for federal immigration and DUII laws, I find the specific factual

circumstances of this case factually distinguishable from *Amezcua-Vasquez*.

PAGE 8 - OPINION AND ORDER

## 2. Fast Track Program

Petitioner also alleges trial counsel erred in failing to request a downward departure based on the disparity in sentencing created by the availability of the fast-track program in the Eastern District of California. Petitioner contends that trial counsel should have argued that the disparity between his sentence and the sentences imposed for similarly-situated defendants under the fast-track program in the Eastern District of California was "unwarranted" under 18 U.S.C. § 3553(a)(6). Petitioner also argues that trial counsel erred in failing to argue that this disparity violated his right to due process and equal protection. These arguments are without merit.

As an initial matter, petitioner's trial counsel did have discussions with the prosecutor about the availability of a fast-track plea offer pursuant to the fast-track program in the District of Oregon. Gov. Ex. 2, Decl. of Whitney P. Boise, at 2. The prosecutor responded that petitioner was not eligible for the fast-track program in the District of Oregon due to his criminal record. Id. Notably, petitioner has failed to demonstrate that would have been eligible for the fast track program in the Eastern District of California, or any other district. In light of petitioner's criminal record, he is not "similarly situated" with eligible first-time, illegal re-entry defendants in the Eastern District of California (or any other district) and therefore, any disparity in sentencing is not unwarranted.

In any event, the Ninth Circuit has squarely addressed and rejected both of petitioner's arguments. In *United States v. Maricial-Santiago*, 447 F.3d 715 (9th Cir. 2006), the Ninth Circuit held that sentencing disparities between defendants prosecuted in districts that offer fast-track programs and defendants prosecuted in non-fast-track districts are not "unwarranted" within the meaning of 18 U.S.C. § 3553(a)(6). *Maricial-Santiago*, 447 F.3d at 718-19. The

PAGE 9 - OPINION AND ORDER

Ninth Circuit reasoned that by explicitly "authorizing fast-track programs without revising the terms of § 3553(a)(6), Congress was necessarily providing that the sentencing disparities that result from these programs are warranted and, as such, do not violate § 3553(a)." *Id.* at 718. Moreover, the Ninth Circuit concluded that the implementation of fast-track programs in some, but not all districts, does not violate a defendant's equal protection or due process rights because the government has a legitimate interest in conserving prosecutorial and judicial resources in districts with large numbers of immigration cases, and fast-track programs are rationally related to that interest. *Id.* at 719. Because this court would have been bound to follow the reasoning of *Marcial-Santiago*, it cannot be said that trial counsel committed gross error in failing to argue for a downward departure based on the disparity in sentencing created by the availability of the fast-track program in other jurisdictions. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").[1]  Nor was it error for trial counsel to decline to argue that the availability of the fast-track program violated petitioner's right to equal protection or due process. *Maricial-Santiago*, 447 F.3d at 719.

### 3. Cultural Assimilation

Petitioner further alleges that trial counsel failed to argue for a departure based on cultural assimilation. Petitioner is wrong. In his sentencing memorandum and at the October 21, 2008

---

[1] I note that shortly after petitioner's sentencing, the Ninth Circuit held that under the logic of *Marical-Santiago*, "a district court may not take fast-track disparities into account in sentencing under 18 U.S.C. § 3553(a)(6) because § 3553(a)(6) directs the district judge to consider only 'unwarranted' sentencing disparities." Although a district court may depart from an advisory guideline range based on the court's policy disagreements with sentencing guidelines, a district court *cannot* depart downward based on its disagreements with congressional policy. *Id.* at 741-42.

sentencing hearing, trial counsel made detailed and specific arguments for a downward departure or sentencing adjustment based on petitioner's cultural ties to the United States. Trial counsel highlighted petitioner's commendable efforts to provide financial support for his family in the United States, as well as his reputation as a loyal, dependable, and hardworking employee. Def.'s Sentencing Mem., at 3-4; Sentencing Tr., at 11-12. Trial counsel pointed out that petitioner returned to the United States after deportation only so he could be with, and support, his wife and four children. Sentencing Tr., at 12. Petitioner's claim that trial counsel failed to argue for leniency based on his cultural ties to the United States is not supported by the record.

### 4. Prejudice

Even if I were persuaded that trial counsel committed some error at sentencing (which I am not), petitioner has failed to demonstrate actual prejudice. Prejudice requires more than a speculative suggestion that the outcome of the proceeding would have been different. *Lochart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Rather, the claimant must show " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693. While petitioner claims that trial counsel did not make certain arguments, the record conclusively demonstrates that he is wrong. Petitioner's legal arguments are without merit and therefore, trial counsel had no obligation to raise them. Even if trial counsel had raised those arguments, petitioner has not demonstrated a "reasonable probability" that the outcome of his sentencing would have been different. Under the circumstances of this case, petitioner cannot show that trial counsel's performance "actually had an adverse effect" on his sentencing *Strickland*, 466 U.S. at 693. Accordingly, petitioner's ineffective assistance of trial counsel claim fails.

PAGE 11 - OPINION AND ORDER

II.  Ineffective Assistance On Appeal Claim

Petitioner contends that his appellate counsel was constitutionally ineffective for advising him to dismiss his appeal. Petitioner fails, however, to point to any specific error.  Petitioner vaguely suggests that appellate counsel erred in failing to challenge his sentence as substantively unreasonable.  To the extent that petitioner suggests appellate counsel should have appealed his sentence under *Amezcua-Vasquez*, this claim is without merit.  The Ninth Circuit decided *Amezcua-Vazquez* in June 2009, nearly two months after petitioner voluntarily dismissed his appeal.  It is not ineffective assistance of counsel to fail to predict developments in the law. *Brown*, 311 F.3d at 878.

Petitioner's suggestion that appellate counsel should have appealed his sentence as substantively unreasonable is without merit.  After reviewing the transcripts of plea and sentencing hearings, the PSR, and interviewing trial counsel, appellate counsel recognized that there were factual or legal issues for appeal.  Indeed, the record demonstrates that trial counsel made a detailed argument for a below-guidelines sentence based on Section 3553(a) considerations and petitioner's ties to the United States.  I expressed sympathy for petitioner and his family at sentencing, but concluded that those concerns were outweighed by petitioner's history of illegal re-entry and  driving under the influence of intoxicants despite the fact that he had killed a young boy and seriously injured another while driving drunk.  Appellate counsel's conclusion that it would be extremely difficult to prove that a low-end guideline sentence was an abuse of discretion was reasonable, and was well within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even if petitioner could demonstrate that appellate counsel committed some error, he has

PAGE 12 - OPINION AND ORDER

failed to demonstrate actual prejudice. *Id.* at 687. Petitioner has not presented a single fact, argument, or authority to support a finding that he suffered any actual prejudice as a result of appellate counsel's purported errors. On this record, I find that petitioner's claim of ineffective assistance of appellate counsel is without merit.

## III. Evidentiary Hearing

I find that there is no need for an evidentiary hearing in this matter. There are no factual disputes or credibility issues that would require such a hearing. *Shah v. United States*, 878 F.2d at 1159-60. The record conclusively shows that petitioner is entitled to no relief. 28 U.S.C. § 2255; *United States v. Meija-Mesa*, 153 F.3d at 931.

## Conclusion

For the reasons set out above, I DENY petitioner's Motion (doc. 35) to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated this _16_ day of September, 2010.

James A. Redden
United States District Judge

PAGE 13 - OPINION AND ORDER